# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**TIMOTHY MILLIGAN,**
**Claimant Below, Petitioner**

**FILED**

September 15, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0625** (BOR Appeal No. 2053833)
(Claim No. 2016027012)

**BLUE CREEK MINING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Timothy Milligan, by Counsel Edwin H. Pancake, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Blue Creek Mining, LLC, by Counsel Steven K. Wellman, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted a 10% permanent partial disability award on July 25, 2017. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its December 27, 2018, Order. The Order was affirmed by the Board of Review on June 17, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

A March 9, 2016, treatment note by Chong Kwan Kim, M.D., indicates Mr. Milligan reported bilateral ankle pain that had been present since a 1991 motor vehicle accident. He also reported pain in his lower back and down both legs. Dr. Kim diagnosed bilateral leg pain, low back pain, and ankle pain. On April 20, 2016, Mr. Milligan was injured at work when he tripped and fell over a block. A lumbar x-ray was performed that day and the results were normal. The claim was held compensable for right shoulder strain and lumbar strain on May 6, 2016.

Mr. Milligan underwent right shoulder acromioplasty with rotator cuff repair on December 29, 2016. On June 21, 2017, he was treated by Robert McCleary, M.D., who noted that Mr.

1

Milligan was unable to do his work conditioning due to a wrist injury. He was a vocational rehabilitation candidate. It was noted that Mr. Milligan underwent a right shoulder acromioplasty with rotator cuff tear on December 26, 2016. Mr. Milligan still had some spasms in his lower back. Dr. McCleary recommended an independent medical evaluation and vocational rehabilitation. On July 12, 2017, it was noted that Mr. Milligan's hand fracture was healing well. The claim was closed for temporary total disability benefits on July 13, 2017.

In a July 25, 2017, independent medical evaluation, Prasadarao Mukkamala, M.D., found that spinal injections were aimed at treating noncompensable, degenerative spondyloarthropathy. He found that Mr. Milligan had reached maximum medical improvement and assessed 6% impairment for the lumbar spine. Dr. Mukkamala placed Mr. Milligan in Lumbar Category II. For the right shoulder, Dr. Mukkamala assessed 4% whole person impairment. His total impairment assessment was 10%. Based on his report, the claims administrator granted a 10% permanent partial disability award representing 6% for the lumbar spine and 4% for the right shoulder on July 25, 2017.

Bruce Guberman, M.D., performed an independent medical evaluation on October 17, 2017, in which he diagnosed chronic post-traumatic strain of the lumbosacral spine superimposed on preexisting degenerative changes; chronic post-traumatic strain of the right shoulder with rotator cuff tear; improved left elbow contusion; and improved thoracic strain. He found a number of range of motion abnormalities in the lumbar spine and right shoulder. Dr. Guberman opined that Mr. Milligan had reached maximum medical improvement and assessed 8% lumbar spine impairment and 7% right shoulder impairment for a total of 14% whole person impairment. Dr. Guberman noted that Mr. Milligan broke his pinky finger during work conditioning and opined that the condition should be held compensable.

Marsha Lee Bailey, M.D., performed an independent medical evaluation on April 23, 2018, in which she diagnosed pre-existing chronic lower back pain without true radiculopathy and chronic right shoulder pain with range of motion limitations. She noted that Mr. Milligan had significant symptom magnification. Dr. Bailey found his lumbar range of motion measurements were invalid due to pain restriction. She placed Mr. Milligan in Lumbar Category IIB of Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), which allows for 5% impairment. Dr. Bailey apportioned the entire amount to preexisting conditions. For the right shoulder, Dr. Bailey assessed 4% right shoulder impairment and apportioned 1% to preexisting conditions, based on left shoulder range of motion measurements. Her total impairment assessment was therefore 3%.

On August 21, 2018, David Jenkinson, M.D., performed an independent medical evaluation in which he assessed 5% low back impairment using the Diagnosis Related Estimate ("DRE"). He also stated that 5% impairment could be found using West Virginia Code of State Rules § 85-20 and the American Medical Association's *Guides.* He also stated that range of motion measurements were invalid due to voluntary guarding. For the right shoulder, Dr. Jenkinson assessed 4% impairment. In a September 7, 2018, addendum, Jenkinson stated that he had reviewed additional records since he prepared his August 21, 2018, report. His opinion was unchanged.

The Office of Judges affirmed the claims administrator's grant of a 10% permanent partial disability award on December 27, 2018. It found that Drs. Bailey and Guberman rated Mr. Milligan under Table 75, Lumbar Category IIB for 5% impairment. Dr. Jenkinson did not rate Mr. Milligan under Table 75. Using Rule 20, Drs. Mukkamala, Guberman, and Bailey all placed Mr. Milligan in Lumbar Category II. Dr. Jenkinson rated Mr. Milligan using the DRE but also stated that he could be assigned 5% impairment under Lumbar Category II of Rule 20. The Office of Judges noted that Drs. Mukkamala and Guberman found reliable range of motion measurements while Drs. Bailey and Jenkinson found invalid measurements due to voluntary pain guarding.

The Office of Judges noted that the employer argued that Dr. Guberman's rating was unsupported by the evidence of record since Mr. Milligan had preexisting low back issues. Nevertheless, the Office of Judges found that Dr. Guberman's report was performed in accordance with the American Medical Association's *Guides*. Regarding Dr. Jenkinson's report, the Office of Judges found that his report was confusing, and it was unclear why he referred to the DRE model of impairment rating.

For the right shoulder, the Office of Judges found that Drs. Mukkamala, Bailey, and Jenkinson had similar findings. Drs. Mukkamala and Jenkinson found 4% impairment. Dr. Bailey found 4% as well but apportioned 1% to preexisting conditions. Dr. Guberman found 7% impairment but the Office of Judges noted that he was the only evaluator of record who did not find symptom magnification. Based on a preponderance of the evidence, the Office of Judges ultimately concluded that Mr. Milligan failed to show that he is entitled to more than 10% permanent partial disability. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on June 17, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Milligan's argument rests on the report of Dr. Guberman. His report is not as reliable as the other evaluations of record. Dr. Mukkamala's findings were not compatible with the other evaluations and the medical record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 15, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison